HAROLD HERMAN, PLAINTIFF-APPELLANT, v. PAULINE ROSENBAUM, DEFENDANT-RESPONDENT.

Argued October 6, 1936—Decided October 30, 1936.

Before Justices TRENCHARD, BODINE and HEHER.

For the plaintiff-appellant, *Eppston & Eppston* (*Harold A. Eppston*).

For the defendant-respondent, *Milton B. Levin*.

BODINE, J. The appellant sued on two promissory notes each dated November 26th, 1934. One of the notes was complete and regular upon its face. It was made by the defendant to the order of Mrs. Madge Stein, who endorsed it. It was delivered by Mrs. Stein to her attorney, Harold A. Eppston, who before maturity delivered the note to the plaintiff. The consideration for the transfer of both notes to the plaintiff was a credit extended to Mr. Eppston on a previously existing debt.

It appears that the notes were given by the defendant to Mrs. Stein in settlement of an agreement for the dissolution of a partnership which had previously existed between them. Mr. Eppston was attorney for Mrs. Stein and the notes in suit were delivered to him in payment for his services. Before maturity and without knowledge that the dissolution agreement had been breached, he delivered one of the notes to the present holder. The other note, however, was assigned after protest, so as to this note the plaintiff took with notice of any infirmity which might exist.

The case was tried in the District Court without a jury. The District Court judge found that the plaintiff was an assignee of both notes and not a holder in due course, and hence entered judgment for the defendant. This was error as to the note taken before maturity.

"Every negotiable instrument is deemed *prima facie* to have been issued for a valuable consideration; and every person whose signature appears thereon to have become a party thereto for value." *Comp. Stat.*, p. 3738, § 24.

"A holder in due course is a holder who has taken the instrument under the following conditions: 1. That it is complete and regular upon its face; 2, that he became the holder of it before it was overdue, and without notice that it had been previously dishonored, if such was the fact; 3, that he took it in good faith and for value; 4, that at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it." *Comp. Stat.*, p. 3741, § 52.

"A holder in due course holds the instrument free from any defect of title of prior parties, and free from defenses available to prior parties among themselves, and may enforce payment of the instrument for the full amount thereof against all parties liable thereon." *Comp. Stat.*, p. 3741, § 57.

"Every holder is deemed *prima facie* to be a holder in due course." *Comp. Stat.*, p. 3741, § 59.

"Where the holder has a lien on the instrument, arising either from contract or by implication of law, he is deemed a holder for value to the extent of his lien." *Comp. Stat.*, p. 3728, § 27.

One of the notes was complete and regular upon its face and was procured before maturity. For all that appears, the plaintiff took in good faith and without notice of any infirmity in the instrument, or defect in the title of the person negotiating it. As to this note he should have judgment.

Value is defined in *Comp. Stat.*, p. 3738, § 25, as follows: "Value is any consideration sufficient to support a simple contract; an antecedent or pre-existing debt constitutes value; and is deemed such whether the instrument is payable on demand or at a future time."

It appears in the findings of fact that at the time of the transfer to the plaintiff, a credit was extended to Mr. Eppston upon his debt. It is immaterial, under the fact, whether the plaintiff took the notes in settlement of a pre-existing debt, or whether he took them merely as security for that debt. To the extent to which he took the notes as security, he was certainly entitled to recover. Of course, the note assigned after protest stands in a different position.

The judgment of the District Court so far as inconsistent with this opinion is reversed.